


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OCT 0 5 2016

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO.: H-16- |
| | § | |
| BABAR JAVED BUTT, | § | UNDER SEAL |
| Defendant. | § | |

16 CR 0452

## INDICTMENT

THE GRAND JURY CHARGES THAT:

**MAIL FRAUD – Counts 1 - 14**
**(18 U.S.C. § 1341)**

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. Federal Express Corporation ("FedEx") was a private and commercial interstate and international carrier.

2. An individual or entity could create an account with FedEx which could be used to ship items. The individual or entity's account is assigned a unique account number and the account would be billed for the shipping services provided.

3. All items submitted to FedEx for delivery were required to have a shipping label affixed to them. Each shipping label had a tracking number which was unique to each label and which was used to identify and track the item's progress from the time it was submitted for shipment to its arrival at its final destination.

4. In addition to shipping labels, FedEx required that shipments of items overseas contain a commercial invoice which described, among other things, the item shipped and its total value. The commercial invoice provided the basis for the assessment of import duties and

1

taxes on the items being shipped overseas. Typically, the taxes and duties would be added to the cost of the shipment such that the amount FedEx charged their customers would include their shipping fees, the duty fees, and the tax fees.

5. From on or about October 22, 2013 to June 22, 2015, defendant BABAR JAVED BUTT resided at 4200 Cypress Creek Parkway, Houston, Texas.

6. From on or about February 1, 2016 to July 31, 2016, defendant BABAR JAVED BUTT resided at 1901 Post Oak Blvd., Houston, Texas.

7. From on or about May 18, 2015 to the present, defendant BABAR JAVED BUTT resided and frequented at various times 19331 St. Winfred Drive, Spring, Texas.

8. From on or about April 1, 2016 to June 7, 2016, defendant BABAR JAVED BUTT leased and/or shared the leased space of 7111 Harwin Drive Ste. 125B, Houston, Texas as an office space for his incorporated business, BJB Trading, Inc.

9. Defendant BABAR JAVED BUTT operated a cell phone and electronic export business for which he routinely shipped these items to Dubai, United Arab Emirates.

## COUNTS ONE THROUGH FOURTEEN

10. The General Allegations set forth in paragraphs 1 through 9 are re-alleged and incorporated herein by reference.

11. From in or about February 2015 through in or about August 2016, in Harris County, in the Southern District of Texas, and elsewhere, the defendant,

**BABAR JAVED BUTT**

knowingly, and with intent to defraud, devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, knowing that they were false and fraudulent when made, and did knowingly

cause to be sent and delivered certain mail matter by a private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme and artifice.

## PURPOSE OF THE SCHEME AND ARTIFICE

12. It was the purpose of the scheme and artifice that the defendant would unlawfully enrich himself by opening shipping accounts with FedEx under various names, using these fraudulently created accounts to ship packages and not pay FedEx for their shipping services, thereby eliminating the shipping costs associated with his business and increasing his profit margin.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

13. The manner and means by which the scheme and artifice was accomplished included, among other things, the following:

14. Defendant BABAR JAVED BUTT would open FedEx accounts under variations of his own name, including, among others, Baba Butt, Bobby Javed, and names of entities which he controlled, including, among others, the following:

    a. Indigo Wireless

    b. K Cellular Export

    c. Indigo Cell Export

    d. Indigo Cell Trading

    e. Luna Export TX

15. Defendant BABAR JAVED BUTT would incur bills on these accounts and would not pay the shipping invoices in full as required by the terms of his accounts. Ultimately, FedEx

3

would terminate the accounts with outstanding balances due and owing from defendant BABAR JAVED BUTT.

16. Defendant BABAR JAVED BUTT would use these shipping accounts to ship packages to Dubai, U.A.E. and would incur shipping charges.

17. FedEx would attempt to charge the credit card that defendant BABAR JAVED BUTT would associate to these accounts and such credit card would be declined.

18. FedEx would otherwise invoice defendant BABAR JAVED BUTT for the shipping charges incurred and the invoices would be returned and/or remain unpaid.

19. FedEx would close the account when the balance went unpaid.

20. To sustain the continuity of his fraudulent activity, defendant BABAR JAVED BUTT would establish new shipping accounts using various personal or entity names, would enroll in online or monthly invoice billing, and would be given a new account number.

21. FedEx would sustain the financial loss for the shipping services they provided to defendant BABAR JAVEED BUTT under the fraudulently created accounts.

## USE OF THE MAIL

22. On or about the date specified as to each count below, the defendant, BABAR JAVED BUTT, for the purpose of executing and in furtherance of the scheme and artifice described above, did knowingly cause to be delivered certain mail matters and things by private and commercial interstate carrier, according to the directions thereon, as described below:

| COUNT | APPROX. DATE SHIPPED | DESCRIPTION OF MAILING | ACCOUNT NAME |
|---|---|---|---|
| 1 | 02/13/2015 | Fedex package with a tracking number of 772914314060, a return address of K Cellular Export, 4200 Cypress Creek Pkwy, Houston, Texas, shipped to Action Logistics FZE, Warehouse G-22 in Dubai, U.A.E. | K Cellular Export (No. 629487204) |
| 2 | 02/13/2015 | Fedex package with a tracking number of 772914293355, a return address of K Cellular Export, 4200 Cypress Creek Pkwy, Houston, Texas, shipped to Action Logistics FZE, Warehouse G-22 in Dubai, U.A.E. | K Cellular Export (No. 629487204) |
| 3 | 02/14/2015 | Fedex package with a tracking number of 772914927857, a return address of K Cellular Export, 4200 Cypress Creek Pkwy, Houston, Texas, shipped to Naforah Trading LLC, Shop 20, Souk Al-Musallah Buil | K Cellular Export (No. 629487204) |
| 4 | 02/17/2015 | Fedex package with a tracking number of 772932489173, a return address of K Cellular Export, 4200 Cypress Creek Pkwy, Houston, Texas, shipped to Action Logistics FZE, Warehouse G-22 in Dubai, U.A.E. | K Cellular Export (No. 629487204) |

| 5 | 02/18/2015 | Fedex package with a tracking number of 772939215940, a return address of K Cellular Export, 4200 Cypress Creek Pkwy, Houston, Texas, shipped to Al Shafiq Trading M-8 Badri Bldg., Near Baniy, Deira Dubai, U.A.E. | K Cellular Export (No. 629487204) |
| --- | --- | --- | --- |
| 6 | 02/18/2015 | Fedex package with a tracking number of 772942830287, a return address of K Cellular Export, 4200 Cypress Creek Pkwy, Houston, Texas, shipped to Garrett Municipal Court, 208 N. Ferris St., Ennis, Texas | K Cellular Export (No. 629487204) |
| 7 | 07/01/2016 | Fedex package with a tracking number of 776705013005, a return address of Indigo Wireless TX, 19331 St. Winfred, Spring, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Wireless TX (No. 773792649) |
| 8 | 07/08/2016 | Fedex package with a tracking number of 776662270880, a return address of Indigo Wireless TX, 19331 St. Winfred, Spring, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Wireless TX (No. 773792649) |
| (Intentionally Left Blank) | | | |

| 9 | 08/08/2016 | Fedex package with a tracking number of 776941828323, a return address of Indigo Cell Export, 7111 Harwin Dr., Houston, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Cell Export (No. 782295926) |
|---|---|---|---|
| 10 | 08/05/2016 | Fedex package with a tracking number of 776931347894, a return address of Indigo Cell Export, 7111 Harwin Dr., Houston, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Cell Export (No. 782295926) |
| 11 | 07/18/2016 | Fedex package with a tracking number of 776785270059, a return address of Indigo Cell Trading, 1901 Post Oak Blvd., Houston, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Cell Trading (No. 783174448) |
| 12 | 07/22/2016 | Fedex package with a tracking number of 776826864362, a return address of Indigo Cell Trading, 1901 Post Oak Blvd., Houston, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Cell Trading (No. 783174448) |
| (Intentionally Left Blank) |||||

| 13 | 07/22/2016 | Fedex package with a tracking number of 776826876263, a return address of Indigo Cell Trading, 1901 Post Oak Blvd., Houston, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Indigo Cell Trading (No. 783174448) |
| --- | --- | --- | --- |
| 14 | 08/19/2016 | Fedex package with a tracking number of 777040735512, a return address of Luna Export TX, 7111 Harwin Dr., Houston, Texas, shipped to APL Global Logistics, Office Warehouse D26 in Dubai, U.A.E. | Luna Export TX (No. 794015546) |

All in violation of Title 18, United States Code, Section 1341.

## BANK FRAUD – Counts 15 - 17
## (18 U.S.C. § 1344)

At all times relevant to this indictment:

23. Bank of Texas is a financial institution insured by the Federal Deposit Insurance Corporation.

24. Defendant BABAR JAVED BUTT filed Articles of Incorporation with the Texas Secretary of State on or about July 23, 2014 as the sole organizer and Director for BJB Trading, Inc., with a filing address of 4200 Cypress Creek Parkway, Unit #126, Houston, Texas.

25. Defendant BABAR JAVED BUTT, or someone acting on his behalf, incorporated or caused to be incorporated MS Wholesales, Inc. on or about December 29, 2014, with a filing address of 4200 Cypress Creek Parkway, Unit #126, Houston, Texas.

## SCHEME TO DEFRAUD

26. That in or about February 2016 through in or about March 2016, in the Southern District of Texas, defendant BABAR JAVED BUTT, knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of a financial institution insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

27. It was a part of the scheme and artifice to defraud a financial institutions and to obtain money under said financial institution's custody and control by means of false and fraudulent pretenses, representations, and promises in order to deceive, that:

28. On or about January 8, 2015, Defendant BABAR JAVED BUTT, or someone acting on his behalf, would and did open a checking account (No. 6727339734) in the name of MS Wholesales, Inc. at BBVA Compass Bank, a federally insured financial institution.

29. The BBVA Compass Bank account number ending in 9734 was closed on October 15, 2015.

30. Defendant BABAR JAVED BUTT negotiated and executed checks drawn on this checking account, knowing full well that the account had been closed.

31. Defendant BABAR JAVED BUTT would receive credit for the deposited checks on the closed account, causing BUTT's account to appear to have sufficient funds when in fact the account should have been in overdraft status.

32. After receiving credit for these fraudulent checks, defendant BABAR JAVED BUTT, would withdraw money from the account before the checks could be determined to be drawn on a closed account.

33. Defendant BABAR JAVED BUTT would and did receive cash proceeds and other things of value from the negotiation of such checks drawn on the closed checking account.

## EXECUTION OF THE SCHEME

## COUNT FIFTEEN

34. The allegations set forth in paragraphs 23 through 33 are re-alleged and incorporated herein by reference.

35. On or about February 26, 2016, in Harris County, in the Southern District of Texas, and elsewhere, the defendant,

**BABAR JAVED BUTT,**

for the purpose of executing the aforementioned scheme and artifice to defraud Bank of Texas, and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Bank of Texas, a financial institution insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, did knowingly and fraudulently produce and negotiate check #1013, drawn on a BBVA Compass Bank account in the amount of $4,300.00, at Bank of Texas in Houston, Texas, knowing full well that the account was closed, in violation of Title 18, United States Code, Section 1344.

## COUNT SIXTEEN

36. The Allegations set forth in paragraphs 23 through 33 are re-alleged and incorporated herein by reference.

37. On or about February 26, 2016, in Harris County, in the Southern District of Texas, and elsewhere, the defendant,

**BABAR JAVED BUTT,**

for the purpose of executing the aforementioned scheme and artifice to defraud Bank of Texas, and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Bank of Texas, a financial institution insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, did knowingly and fraudulently produce and negotiate check #1018, drawn on a BBVA Compass Bank account in the amount of $7,800.00, at Bank of Texas in Houston, Texas, knowing full well that the account was closed, in violation of Title 18, United States Code, Section 1344.

## COUNT SEVENTEEN

38. The allegations set forth in paragraphs 23 through 33 are re-alleged and incorporated herein by reference.

39. On or about February 29, 2016, in Harris County, in the Southern District of Texas, and elsewhere, the defendant,

**BABAR JAVED BUTT,**

for the purpose of executing the aforementioned scheme and artifice to defraud Bank of Texas, and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Bank of Texas, a financial institution insured by the

Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, did knowingly and fraudulently produce and negotiate check #1024, drawn on a BBVA Compass Bank account in the amount of $7,200.00, at Bank of Texas in Houston, Texas, knowing full well that the account was closed, in violation of Title 18, United States Code, Section 1344.

## NOTICE OF FORFEITURE
## 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

**BABAR JAVED BUTT,**

that in the event of his conviction of mail fraud offenses in violation of Title 18, United States Code, Section 1341, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982(a)(2)

Pursuant to Title 18, United States Code, Section 982(a)(2), the United States gives notice to the defendant,

**BABAR JAVED BUTT,**

that in the event of his conviction of bank fraud offenses in violation of Title 18, United States Code, Section 1344, all property constituting or derived from proceeds obtained, directly or indirectly, as the result of such offenses, is subject to forfeiture.

## MONEY JUDGMENT

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture. That amount is estimated to be, but is not limited to, approximately $287,679.00 in United States dollars.

## PROPERTY SUBJECT TO FORFEITURE

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following property:

-- at least $287,679.00 in United States dollars.

## SUBSTITUTE ASSETS

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREMAN OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

BY: _____
HEATHER WINTER
Assistant United States Attorney